Satvinder KAUR, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71963.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Mohinder Singh, Esq., Walnut Creek,
CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA,
Ronald E. LeFevre, Chief Legal Officer,
San Francisco, CA, Joan E. Smiley, Esq.,
Richard M. Evans, Esq., Alison Marie
Igoe, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and
TROTT, Circuit Judges.

MEMORANDUM **

Satvinder Kaur, a native and citizen of
India, petitions for review of the Board of
Immigration Appeals' ("BIA") decision
summarily affirming the Immigration
Judge's ("IJ") denial of her application for
asylum and withholding of removal and for
relief under the Convention Against Tor-
ture ("CAT"). We have jurisdiction under
8 U.S.C. § 1252. We review for substan-
tial evidence an adverse credibility deter-
mination, *Chebchoub v. INS,* 257 F.3d
1038, 1042 (9th Cir.2001), and we deny the
petition.

■ Substantial evidence supports the
IJ's adverse credibility finding. The IJ
offered specific, cogent reasons for his
findings based on inconsistencies between
petitioner's testimony and application that
go to the heart of her asylum claim, includ-
ing whether she was raped, whether her
brothers were shot, and whether her hus-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

band was involved in political activities in India. *See id.* at 1043.

■ Because petitioner failed to show that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**